UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4211

REGINALD TODD HYMAN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-02-295)

Submitted: August 27, 2003

Decided: March 23, 2004

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Reginald Todd Hyman appeals his jury convictions of possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000), and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2000). Hyman argues the district court erred by denying his motion to suppress a statement given to a Durham police officer. Finding no error, we affirm.

Under *Miranda v. Arizona*, 384 U.S. 436 (1966), a defendant may waive his constitutional rights to remain silent and to have counsel if he does so "voluntarily, knowingly and intelligently." *Id.* at 444. This Court reviews the totality of the circumstances in concluding that a defendant's *Miranda* rights were properly waived. *See United States v. Cristobal*, 293 F.3d 134, 140 (4th Cir.), *cert. denied*, 537 U.S. 963 (2002).

Hyman avers due to his pain from the gunshot wound, he was unable to make a reasoned decision to waive his *Miranda* rights. Pain alone generally does not invalidate a *Miranda* waiver.* *Cristobal*, 293 F.3d at 142. While, in some circumstances, medication may render an individual incapable of making a reasoned decision to waive his rights, the record developed in this case did not indicate that the medication administered to Hyman had that effect. *See id.* We have reviewed the transcript of the suppression hearing and find under the totality of the circumstances, the district court did not err in finding Hyman knowingly and intelligently waived his *Miranda* rights.

Accordingly, we affirm Hyman's conviction. We dispense with oral argument because the facts and legal contentions are adequately

---

*Hyman does not argue his waiver was involuntary.

presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*